USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: June 7, 2021

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
BLOOMFIELD INVESTMENT RESOURCES     :
CORP.,                              :
                    Plaintiff,      :    17 Civ. 4181 (VM)
                                    :
      - against -                   :    DECISION AND ORDER
                                    :
ELLIOTT DANILOFF,                   :
                                    :
                    Defendant.      :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Bloomfield Investment Resources Corp. ("Bloomfield" or "Plaintiff") brought the instant action against Defendant Elliott Daniloff ("Daniloff" or "Defendant") for fraud, breach of contract, promissory estoppel, and unjust enrichment. (See First Amended Complaint ("FAC"), Dkt. No. 51.) Daniloff asserted counterclaims for breach of contract, promissory estoppel, fraud, and failure to indemnify. (See Answer to Amended Complaint ("AAC"), Dkt. No. 52.) On April 26, 2021, the Court granted Bloomfield's motion to dismiss Daniloff's counterclaims. (See "April 26 Order," Dkt. No. 54.)

Now before the Court is a letter, dated May 10, 2021, submitted by Daniloff seeking reconsideration of the April 26 Order or, in the alternative, leave to amend his counterclaims. (See "May 10 Letter," Dkt. No. 55.) The Court also has before it a letter from Bloomfield, dated May 12,

1

2021, opposing reconsideration and leave to amend (see "Opposition," Dkt. No. 61), and a reply letter, dated May 14, 2021, from Daniloff (see "May 14 Reply Letter," Dkt. No. 65). The Court construes Daniloff's letters as a motion for reconsideration pursuant to Local Rule 6.3 (the "Reconsideration Motion").[1] For the reasons set forth below, the Reconsideration Motion, as well as the alternative request for leave to amend, is DENIED.

## I. **LEGAL STANDARD**

A. <u>RECONSIDERATION</u>

Motions for reconsideration are governed by Local Rule 6.3, which is "intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" SEC v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). When assessing a motion for reconsideration, a district court must "narrowly construe and strictly apply" Local Rule 6.3 to "avoid duplicative rulings on previously considered issues" and to prevent the rule from

---

[1] See Kapitalforeningen Lægernes Invest. v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (affirming the district court ruling deeming an exchange of letters as a motion to dismiss).

2

being used to advance theories not previously argued or as "a substitute for appealing a final judgment." Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, the Second Circuit has held that the threshold for granting a motion to reconsider is "high," and such motions are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Nakshin v. Holder, 360 F. App'x 192, 193 (2d Cir. 2010); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). "[A] motion to reconsider should not be granted where the moving party seeks

3

solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (noting that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted)).

The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citations omitted).

B. LEAVE TO AMEND

"Leave to amend may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks and citation omitted).

## II. DISCUSSION

The Court finds that the Reconsideration Motion here does not meet this exacting standard and therefore denies reconsideration. The Court also denies Daniloff leave to amend, as any further amendment will cause significant delay.

A. RECONSIDERATION

Daniloff seeks reconsideration of the Court's dismissal of his counterclaims for breach of contract and fraud. But in

4

doing so, Daniloff seeks to either relitigate issues already considered or improperly advance new arguments through the Reconsideration Motion.

Turning first to Daniloff's argument with respect to the Court's breach-of-contract analysis, Daniloff has failed to raise any overlooked "controlling decisions or factual matters that were put before [the Court] on the underlying motion" and "merely offers substantially the same arguments" he offered on the underlying motion. See Mikol v. Barnhart, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008). Daniloff argues that "the Court overlooked and contravened its prior analysis in the 2018 Order sustaining Bloomfield's breach of contract claim." (May 10 Letter at 2.) But Daniloff already made this argument when he invoked "the very same analysis the Court applied in allowing Bloomfield's parallel breach of contract claim to proceed against Mr. Daniloff" in his opposition to Bloomfield's motion to dismiss. (See Dkt. No. 53-2, at 2.) The Court was thus aware of the argument and did not overlook it. Moreover, the agreement at issue in Bloomfield's breach-of-contract claim and the agreement at issue in Daniloff's claim are not identical, and the Court's previous analysis of Bloomfield's claim is not controlling law.

Daniloff's argument with respect to dismissal of his fraud claim fares no better. Daniloff argues that his claim,

5

even if untimely under the two-year discovery rule, should have been deemed timely under the six-year statute of limitations. But this argument "represents a new legal theory improperly raised for the first time on motion for reconsideration." See Peterson v. Home Depot U.S.A., Inc., No. 11 Civ. 5747, 2014 WL 1355622, at *2 (S.D.N.Y. Apr. 4, 2014). "Except where a movant is relying on new facts that could not have been previously discovered or newly promulgated law, additional facts or new legal theories cannot be asserted by way of a motion for reconsideration." Albury v. J.P. Morgan Chase, No. 03 Civ. 2007, 2005 WL 1653939, at *3 (S.D.N.Y. July 14, 2005). Daniloff's opposition to Bloomfield's motion to dismiss "failed to argue [timeliness under a six-year statute of limitations], and it was not incumbent on the Court to raise that argument *sua sponte* in order to make [Daniloff's] case for him." See Peterson, 2014 WL 1355622, at *2. The Court will accordingly not reconsider the April 26 Order on this ground either.

B. LEAVE TO AMEND

The Court concludes that at this late stage, allowing Daniloff to amend the pleadings would cause a significant delay in the litigation. This matter has been pending for a number of years, and discovery is near complete. (See Dkt. No. 48.) Meanwhile, Daniloff knew all of the information

constituting his proposed amendments at the time the Complaint and AAC were first filed, yet he has not sought to include this information until now. Furthermore, as a result of the exchange of premotion letters, Daniloff was long aware of the deficiencies at issue and failed to cure the deficiencies earlier. Consequently, the Court will deny leave to amend. See Hernandez v. BMNY Contracting Corp., No. 17 Civ. 9375, 2019 WL 418498, at *2 (S.D.N.Y. Jan. 17, 2019) (denying leave to amend as untimely when the plaintiff "knew or should have known of" the relevant facts at the time the original pleading was filed but did not seek to amend the pleading until more than a year later (citing In re Commodity Exch. Inc. Silver Futures & Options Trading Litig., No. 11 Md. 2213, 2013 WL 1100770, at *6 (S.D.N.Y. Mar. 18, 2013)); Suro v. United States, 107 F. Supp. 2d 206, 210 (E.D.N.Y. 2000) (denying leave to amend when the litigation had been pending for years, discovery was nearly complete, and the plaintiff had notice of the matter which required amendment long before leave to amend was sought).

### III. ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by defendant Elliott Daniloff ("Daniloff") for reconsideration or leave to amend (Dkt. No. 55) is **DENIED.**

**SO ORDERED.**

Dated:     New York, New York
           7 June 2021

                                        _____
                                        Victor Marrero
                                        U.S.D.J.