```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BLOOMFIELD INVESTMENT RESOURCES CORP.,

               Plaintiff,

   - against -

ELLIOT DANILOFF,

               Defendant.

17 Civ. 4181 (VM)

**ORDER**

**VICTOR MARRERO**, United States District Judge.

    On October 18, 2021, defendant Elliot Daniloff ("Daniloff") submitted a letter requesting a premotion conference and setting forth the grounds for a proposed motion for summary judgment. (See "Daniloff Letter," Dkt. No. 85.) On October 25, 2021, Plaintiff Bloomfield Investment Resources Corp. ("Bloomfield") submitted a letter opposing Daniloff's request. (See "Opposition," Dkt. No. 86.) Daniloff also submitted a reply letter further explaining why he believes summary judgment should be granted. (See "Reply," Dkt. No. 87.)

    Upon review of the parties' premotion letter exchange, the Court is not persuaded that Defendant's request to schedule a premotion conference is warranted. Summary judgment practice on Bloomfield's claims at this point would be unproductive and an uneconomical use of judicial resources as the parties' letter exchange indicates that there are genuine disputes over several material facts that should be resolved by a jury. Most notably,

among other issues, there are unresolved disputes regarding (1) whether the parties ever entered into the Original Agreement (compare Opposition at 2 n.3 with Reply at 2); (2) the terms of that agreement (which must be known before the Court can determine if the agreement is collateral to or conflicts with the later Subscription Agreement); and (3) whether the parties mutually intended to be bound by the November 26 Agreement. (See Opposition at 2-3; Reply at 3.) These key factual questions preclude summary judgment on the contractual claims. And because "Plaintiff's fraud, promissory estoppel, and unjust enrichment claims . . . hinge on the viability of Plaintiff's 'Original Agreement,'" summary judgment cannot be granted on those claims at this time. Accordingly, it is hereby

**ORDERED** that Defendants' request for a premotion conference in advance of moving for summary judgment (Dkt. No. 85) is **DENIED,** and it is further

**ORDERED** that within twenty days of the entry of this Order the parties shall submit a timeline for trial in August 2022 or thereafter.

**SO ORDERED.**

Dated:     March 30, 2022
           New York, New York

                                        _____
                                        Victor Marrero
                                        U.S.D.J.

2