```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BLOOMFIELD INVESTMENT RESOURCES CORP.,

                            Plaintiff,

      - against -

ELLIOT DANILOFF,

                          Defendant.

**17 Civ. 4181 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

      On November 8, 2024, Plaintiff Bloomfield Investment Resources Corp. ("Plaintiff") requested via letter that the Court enter a Proposed Writ of Execution against Defendant Elliot Daniloff ("Defendant") in the amount of $33,409,179. (Dkt. No. 140.) Plaintiff notes that Defendant jointly owns a property located at 11 Coleridge Street, Brooklyn, NY 11235 ("Coleridge Property") and seeks to direct the U.S. Marshal to enforce and satisfy the judgment by seizing the Coleridge Property. (Id.) The U.S. Marshal instructed Plaintiff to provide an additional Writ of Execution ("Proposed Writ of Execution") signed by this Court which incorporates certain language contained in the U.S. Marshal's Advice Concerning Private Seizures and Evictions. (Id. at 2.) This language authorizes the U.S. Marshal to seize the property and evict any individuals residing therein or arrest them if they obstruct the seizure.

Defendant opposes the entering of the additional Proposed Writ of Execution, arguing that the Writ of Execution is procedurally improper under New York law because his mother and nephew currently reside in the property. (Dkt. No. 145.) For the reasons below, the Court will enter the Proposed Writ of Execution.

Defendant's argument that Article 52 of the CPLR does not authorize a judgment creditor to obtain a summary eviction by force is not convincing. None of the CPLR provisions Defendant cites supports the proposition that the Writ of Execution cannot be entered. As another court in this District has held, "Article 52 authorizes a judgment creditor to file a motion against a judgment debtor to compel a turnover of assets or, when the property sought is not in the possession of the judgment debtor himself, to commence a special proceeding against a garnishee who holds the assets." <u>Citibank, N.A. v. Aralpha Holdings Limited Partnership</u>, 714 F. Supp. 3d 416, 447 (S.D.N.Y. 2024). "For a writ of execution to issue, [N.Y. C.P.L.R.] § 5230 requires a creditor to show that the debtor 'has an interest' in the property." <u>Id</u>. Here, Plaintiff has shown that Defendant has an interest in the property and recorded an abstract of judgment with the Kings County Clerk where the property is located. (Dkt. No.

140-2.) The Writ of Execution is procedurally proper and complies with § 5230.

Defendant's arguments to the contrary are unavailing and Defendant cites no authority that directly supports his claim that additional processes apply to the entering of the Writ of Execution. The Court will enter the requested supplemental order to assist with the already entered Writ of Execution.

**SO ORDERED.**

Dated:    2 December 2024
         New York, New York

_____
         Victor Marrero
            U.S.D.J.