**quinn emanuel** trial lawyers | salt lake city

2755 E. Cottonwood Parkway, Suite 430, Salt Lake City, Utah 84121-6950 | TEL (801) 515-7300 FAX (801) 515-7400

WRITER'S DIRECT DIAL NO.
**(801) 515-7333**

WRITER'S EMAIL ADDRESS
**dennishranitzky@quinnemanuel.com**

December 6, 2024

<u>VIA ECF</u>

Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2024
```

Re:   *Bloomfield Investment Resources Corp. v. Daniloff*, No. 1:17-cv-04181-VM-SLC
      Request to File Sealed and Redacted Materials

Dear Judge Marrero:

We write on behalf of Bloomfield Investment Resources Corp. ("**Plaintiff**"), the Plaintiff-Judgment Creditor in the above-referenced action. In accordance with Your Honor's Individual Practice Rule II. H. and the Protective Order dated May 1, 2018 [ECF 19], we write to respectfully move to file under seal certain documents in support of Plaintiff's forthcoming request for a turnover order that have been designated as confidential by producing non-parties pursuant to confidentiality agreements. The information sought to be sealed may be accessed by all Parties in this case and by the non-parties that produced the confidential information.

The Court entered judgment on June 1, 2023 against Defendant-Judgment Debtor Elliot Daniloff ("**Daniloff**") in the total amount of $33,409,179, plus interest [ECF 110, 135] (as amended, the "**Judgment**"). Plaintiff then conducted discovery to support post-judgment enforcement by serving subpoenas on third-parties PleoPharma, Inc. ("**PleoPharma**") and Hanaco Ventures, Ltd., Hanaco GP LP, Hanaco Growth GP LP, Hanoco Growth SPC, and Hanaco Growth Ventures LP's (collectively, "**Hanaco**" and, together with PleoPharma, the "**Producing Non-Parties**"). Plaintiff entered into a confidentiality agreement with each of the Producing Non-Parties and obtained discovery from both subject to those agreements, some of which discovery was produced with redactions. As detailed in Plaintiff's Memorandum of Law

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

in support of its Motion for a Turnover (the "**Memorandum of Law**"), filed herewith, information and documents produced by the Producing Non-Parties supports the relief Plaintiff seeks.

The confidentiality agreements with the Producing Non-Parties require that materials marked "Confidential" be redacted before filing or filed under seal if redaction is not possible. Therefore, Plaintiff respectfully requests permission to file under seal certain documents appended as exhibits to the Declaration of Yehuda Goor, filed herewith, as well as certain limited portions of the Memorandum of Law that reference these exhibits (collectively, the "**Requested Redactions**"):

- Exhibit C: Hanaco's responses and objections to Bloomfield's information subpoena
- Exhibit D: Document designated "Confidential" by Hanaco
- Exhibit I: Document designated "Confidential" by Hanaco
- Exhibit M: Document designated "Confidential" by Hanaco
- Exhibit O: Document designated "Confidential" by PleoPharma

Plaintiff's request comports with Second Circuit case law, which applies the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"[1]; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id*. at 119-20. This Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access" to documents filed on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

Plaintiff seeks to seal these documents to respect the confidentiality designations of Hanaco and PleoPharma in accordance with the confidentiality agreements. The exposure of the purported proprietary business information or other sensitive information and need for confidentiality outweighs the public interest in access to the limited information Plaintiff seeks to seal. These higher values outweigh the right of public access to this limited information.

Promptly after filing this letter, Plaintiff will confer with counsel for Hanaco at Olshan Frome Wolosky LLP and with counsel for PleoPharma at Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C. regarding the scope of sealing and redactions, in an attempt to narrow the same.

For these reasons, Plaintiff respectfully requests that the Court permit the Requested Redactions identified above.

---

[1]   The documents Plaintiff seeks to file under seal are judicial documents because they are either pleadings or evidence filed in support of pleadings. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth.*, Ind., 347 F. App' x 615, 616 (2d Cir. 2009) ("We have described judicial documents as those that are relevant to the performance of the judicial function.") (cleaned up).

Respectfully submitted,

Dennis Hranitzky

> **Request GRANTED.**
>
> Plaintiffs have leave to file the exhibits in support of their motion for a turnover under seal.
>
> **SO ORDERED.**
>
> 12/10/2024
> DATE — VICTOR MARRERO, U.S.D.J.

3