USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BLOOMFIELD INVESTMENT RESOURCES CORP.,

                Plaintiff,

- against -

ELLIOT DANILOFF,

                Defendant.

17-cv-4181 (VM)

**ORDER**

**VICTOR MARRERO, United States District Judge.**

Pending before the Court is non-party Diana Daniloff's ("Diana") Letter Motion to Stay (Dkt. No. 150) the Writ of Execution ("Writ") entered by this Court on December 2, 2024 (Dkt. No. 148.) Also pending before the Court is Defendant Elliott Daniloff's ("Elliott") Letter Motion to Stay the Writ pending an appeal of the Court's order (Dkt. No. 160.) For the reasons herein, Diana's Motion to Stay is **GRANTED** and Elliott's Motion to Stay is **DENIED** as moot.

## I. Background

In October 2022, this Court held a bench trial to adjudicate claims brought by Bloomfield Investment Resources Corp. ("Bloomfield") against Elliot. On June 1, 2023, the Court entered judgment in favor of Bloomfield and awarded $34,409,179 in damages to Bloomfield. (Dkt. No. 110.) On August 20, 2024, the Court entered an Amended Judgment

1

withdrawing punitive damages with Bloomfield's consent making the judgment amount $33,409,179. (Dkt. No. 135.)

On October 18, 2024, the Clerk of Court issued a Writ of Execution in the judgment amount in favor of Bloomfield and against Elliot ("Clerk's Writ"). The Clerk's Writ commands the U.S. Marshal to satisfy the judgment out of the personal property of Elliott and if sufficient personal property cannot be found, then out of the real property belonging to Elliott. (Dkt. No. 140-1 at 2.)  On November 8, 2024, Bloomfield submitted a letter to the Court claiming that they have been attempting to enforce the Court's judgment by making payment demands on Elliot's attorneys which remain unanswered. Bloomfield informed the Court that they plan on executing the Clerk's Writ on Elliott's property located at 11 Coleridge Street, Brooklyn, NY 11234 ("Coleridge Property") which he jointly owns with Diana as joint tenants with right of survivorship. (Dkt. 140 at 1-2.) Bloomfield claims to have submitted the Clerk's Writ to the U.S. Marshal for execution against the Coleridge Property but that the U.S. Marshal advised that they need an additional Writ of Execution ("Supplemental Writ"), signed by this Court, that incorporates certain language authorizing the U.S. Marshal to seize the property in order to prepare it for sale.

(Dkt. No. 140 at 2.) The incorporated language from the U.S. Marshal authorizes the U.S. Marshal to "take possession" of the Coleridge Property and evict "all persons located" within the premise. (Dkt. 140-1 at 2-3.) Elliott contested the Writ, arguing that 1) New York law does not authorize the seizure of a home to enforce a judgment; 2) Elliott has no personal property in the home subject to execution; and 3) because Elliott's mother and nephew reside in the Coleridge Property with his permission, the U.S. Marshals do not have authority to summarily evict them to enforce the judgment. (Dkt. No. 145.)

On December 2, 2024, this Court entered the Supplemental Writ authorizing the U.S. Marshal to seize the home and evict any residences in satisfaction of the judgment. (Dkt. No. 148.) The next day, Diana filed an emergency letter motion to stay the Supplemental Writ until she has a chance to formally intervene and formally contest the Supplemental Writ. (Dkt. No. 150 or "Diana's Motion") On that same day, the Court temporarily stayed the Supplemental Writ until December 20 to review the motion. (Dkt. No. 151.) On December 9, 2024, Elliott also filed a Letter Motion to Stay the Supplemental Writ pending an appeal of the Court's order. (Dkt. No. 160.)

On December 9, 2024, Plaintiff submitted a letter in opposition to Diana's Motion. (Dkt. No. 159.) On December 13, 2024, Diana submitted a reply letter. (Dkt. No. 168). Meanwhile, on December 16, 2024, Plaintiff responded in opposition to Elliot's Motion. (Dkt. No. 169.)

## II. Discussion

As a joint tenant, Diana has an equal right to enjoy and possess the Coleridge Property. See Smith v. Bank of America, N.A., 957 N.Y.S.2d 705, 707 (App. Div. 2d Dep't 2012). The Supplemental Writ, as written, may impact Diana's right to enjoy the property that she owns by transferring custody to the U.S. Marshal who will facilitate a sale of Elliot's interest., Diana's rights to use her property as she wishes may be impacted by the Supplemental Writ, including her right to allow others to reside in the Coleridge Property. As a result, a stay of the Supplemental Writ so as to allow Diana to move to intervene under Rule 24(a) and (b) is warranted.

Plaintiff's arguments against a stay are not convincing. The Court agrees with Plaintiff that an execution sale of Elliot's interest in a joint tenancy severs the joint tenancy and that a future purchaser of Elliot's interest would become a tenant in common with Diana. While Plaintiff reassures that Diana would retain her rights to the Coleridge Property after a sale is made, Plaintiff does not adequately address how

4

wresting custody of the home from Diana before such a sale is otherwise consistent with her right to enjoyment of the Coleridge Property. Given that it is unclear how long a sale would take, taking custody of the home from Diana pursuant to the Supplemental Writ would not be an "inconvenience" but potentially an interference with Diana's property rights.

While it does not appear to be disputed that Diana's interest in the property would remain after a sale, there are clearly outstanding questions as to Diana's property rights while a sale is pending. The Court believes that these questions require a stay so as to permit Diana to move to intervene under Rule 24.

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion to stay the writ of execution (Dkt. No. 150) by Non-Party Diana Daniloff is **GRANTED**; it is further

**ORDERED** that Non-Party Diana Daniloff shall move to intervene in this action no later than January 10, 2025. Plaintiff Bloomfield's opposition to the motion to intervene shall be filed by January 31, 2025. Non-Party Diana Daniloff's reply shall be filed by February 14, 2025.

**ORDERED** that Defendant Elliot Daniloff's motion for a stay pending appeal (Dkt. No. 160) is **DENIED** as moot.

Defendant Elliot Daniloff is further instructed to bring any future motions for a stay pending appeal to the Second Circuit.

**SO ORDERED.**

Dated:    18 December 2024
          New York, New York

_____
                             Victor Marrero
                                U.S.D.J.